UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BACK9 NETWORK, INC. : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 3:12-CV-00582(JCH) |
| v. : | |
| : | |
| BRIAN ALTOUNIAN and ALLIANCE : | |
| ACQUISITIONS, INC. : | JULY 3, 2013 |
|     Defendants. : | |

**RULING RE: PLAINTIFFS' EMERGENCY MOTION TO ORDER THE PARTIES TO ENGAGE IN LIMITED DISCOVERY AND STAY CONSIDERATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 51) AND DEFENDANTS' CROSS MOTION FOR PROTECTIVE ORDER (Doc. No. 55)**

**I.  INTRODUCTION**

Plaintiff Back9 Network, Inc. ("Back9") filed this action against the defendants, Brian Altounian ("Altounian") and Alliance Acquisitions, Inc. ("Alliance"), seeking a declaration that certain certificates of Back9 stock that were transferred to the defendants were properly canceled by Back9's Board of Directors and are void, invalid, and of no effect.  See Compl. ¶ 1.  Altounian and Alliance filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 9), which the court denied on March 13, 2013.  See (Doc. No. 44).  Between the filing of the Motion to Dismiss and the court's Ruling, the court issued a Scheduling Order, which set a deadline of May 20, 2013, for all discovery, and a deadline of June 20, 2013, for dispositive motions.  See Scheduling Order (Doc. No. 39) at 1-2.

No discovery has been conducted by the parties to date (and certainly not before the May 20, 2013 deadline).  Pl.'s Mem. in Supp. Emerg. Mot. at 2-3.  Altounian and Alliance filed a Motion for Summary Judgment—which is currently pending before this court –on June 20, 2013.  See (Doc. No. 47).  In their Motion, the defendants argue that

1

the Back9 stock was legally transferred to Altounian as a gift from a third party, Tom Meloth ("Meloth").  Defs.' Mem. in Supp. Mot. Summ. J. (Doc. No. 48) at 2.

Back9 filed the pending Motion (Doc. No. 51), pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, arguing that it needs to "engage in document discovery and participate in depositions" to attack Meloth's assertion that he gave Althounian the stocks as a gift.  Pl.'s Emerg. Mot. at 1-2.  According to Back9, it did not serve defendants with discovery requests or deposition notices before March 13, 2013, because the Motion to Dismiss was pending.  Pl.'s Mem. in Supp. Emerg. Mot. at 3.  Back9 still did not seek discovery after the court's Ruling because counsel was trying to "ascertain whether the Court's decision regarding jurisdiction may have provided the occasion for an amicable resolution of the Parties' dispute."[1]  Id.  According to Back9, it took defendants' counsel "over one month to communicate with his clients," which caused further delay.  Id.

In their opposition to Back9's Emergency Motion, the defendants argue that there is no basis to allow limited discovery to respond to their Motion for Summary Judgment because Back9 failed to abide by the discovery deadlines set by the court, without good case.  Defs.' Mem. in Opp. Emerg. Mot. (Doc. No. 55) at 1.  Further, the defendants move the court for a protective order, pursuant to Rule 26(c)(1)(A) of the Federal Rules of Civil Procedure, to preclude the discovery requested by Back9.  Id. at 8-9; see also Cross Mot. Prot. Order (Doc. No. 55).

---

[1] The evidence before the court suggests that counsel for Back9 did not, however, contact defense counsel until May 13, 2013.  See Berman Aff., Ex.3 (Doc. No. 53), at 4.

2

## II. DISCUSSION

According to Rule 56(d) of the Federal Rules of Civil Procedure, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). The party filing the Affidavit pursuant to Rule 56(d) must show "(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Miller v. Wolpff & Abramson, LLP, 321 F.3d 292, 303 (2d Cir. 2003).

Back9 has failed to meet its burden under Rule 56(d). Back9 sets forth a host of reasons for why it did not pursue discovery in this case, but the fact remains that the court issued an Order on November 6, 2012, setting a May 20, 2013 deadline for discovery. Scheduling Order at 1. If Back9 was unable to meet the discovery deadline, it should have filed a motion for extension of time. It never sought to alter the court's Order. "A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need." Burlington Coat Factory Warehouse v. Esprit de Corp., 769 F.2d 919, 928 (2d Cir. 1985).

There is no such "strong showing" in this case. As Back9 admits in its Motion, "evidence already exists in the record that contradicts Tom Meloth's false assertion that Altounian and Alliance Acquisitions received Back9 stock certificates as a 'gift.'" Pl.'s

3

Mem. in Supp. Emerg. Mot. at 6, n.5.  There is no need to conduct additional discovery so as "to create a genuine issue of material fact." Miller, 321 F.3d at 303.  Back9 appears to already be in possession of evidence which raises a genuine issue of material fact as to whether the stock certificates were given as a gift or whether they were transferred in exchange for Altounian's promise to provide $10 million in equity capital to Back9.  See, e.g., Gorman Aff. (Doc. No. 30) ¶¶ 3-4 ("Back9 sent stock certificates to Altounian in reliance on his promise to deliver this funding to Back9").

### III.   CONCLUSION

Because Back9 has failed to meet its burden under Rule 56(d), its Emergency Motion for limited discovery and to stay the defendants' Motion for Summary Judgment (Doc. No. 51) is **DENIED**.  Back9's Opposition to the defendants' Motion for Summary Judgment is due by July 11, 2013, but given the holiday weekend upcoming, the court extends that deadline to **July 16, 2013**.  Because the court has denied Back9's Motion for Limited Discovery, the court terminates the defendants' Motion for Protective Order (Doc. No. 55) as moot.   If necessary, the court will decide what, if any, discovery should be allowed after it rules on defendants' Motion for Summary Judgment.

**SO ORDERED**.

Dated at New Haven, Connecticut, this 3rd day of July, 2013.

                                          /s/ Janet C. Hall
                                   Janet C. Hall
                                   United States District Judge